

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BAYER CROPSCIENCE AG,
BAYER CROPSCIENCE NV,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 2:12cv47

DOW AGROSCIENCES LLC,
MYCOGEN PLANT SCIENCE, INC.,
AGRIGENETICS, INC. d/b/a
MYCOGEN SEEDS, LLC, AND
PHYTOGEN SEED COMPANY, LLC,

    Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are nine motions: Plaintiffs' Motion to Confirm the Arbitration Award ("Plaintiffs' Motion" or ("Motion to Confirm"), Defendants' Motion to Vacate the Arbitration Award ("Motion to Vacate"), and Defendants' Motion to Stay ("Motion to Stay"). ECF Nos. 113, 116, 132, and 134.[1] The Court has reviewed the Motions, the accompanying memoranda and attachments, the voluminous exhibits, the Tribunal's Arbitration Award, and the law. Having held a hearing on the Motions this matter is now ripe for judicial determination. For the reasons stated below, Plaintiffs' Motion to Confirm the Arbitration Award is **GRANTED**, Defendants' Motion to Vacate the Arbitration Award is **DENIED**, and Defendants' Motion to Stay is **DENIED**.

---

[1] Also pending before the Court are several Motions to Seal: ECF Nos. 110, 129, 185, and 194. Each of those motions is **GRANTED**. The Court also notes a Motion for Leave to Supplement the Record was filed on December 16, 2015. ECF No. 200. The Motion to Supplement the Record is **GRANTED**, and the information therein (including the Plaintiffs' and Defendants' filings) has been thoroughly considered.

1

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is a dispute arising from a patent license agreement between the parties for certain plant technology that was entered into on or about June 15, 1992. Plaintiffs allege that Defendants violated the agreement, causing Plaintiffs to terminate the agreement and sue for patent infringement.[2]

On January 20, 2012, Plaintiffs alleged four counts of patent infringement and requested (1) a declaratory judgment that certain patents were infringed; (2) a permanent injunction against any infringement by Defendants; (3) a judgment that Defendants' conduct is willful; (4) a judgment that Defendants' conduct is exceptional; (5) attorneys' fees; (6) damages; (7) costs and expenses; and (8) such other relief as the Court may deem proper. ECF No. 1.

On March 9, 2012, Defendants filed a Motion to Dismiss or in the Alternative to Stay this Action Pending Arbitration. ECF No. 25. Plaintiffs filed a Memorandum in Opposition to Defendants' Motion on April 13, 2012, ECF No. 35, and the Court held a hearing on the Motion on July 3, 2012.

On July 13, 2012, the Court filed a Memorandum Opinion and Order denying in part and granting in part Defendants' Motion to Dismiss or in the Alternative to Stay this Action Pending Arbitration. ECF No. 52. The motion to dismiss was denied and the motion to stay this action pending arbitration was granted. Specifically, the Court Ordered that,

> Defendants' alternative Motion to Stay This Action Pending Arbitration is GRANTED. All issues, including the alleged breach and termination of the License Agreement and Plaintiffs' four patent infringement claims in its Complaint, shall be submitted to arbitration in accordance with this Order and the License Agreement between the parties. Further, the Court notes its authority to order dismissal of this action *sua sponte* should the Court deem it necessary to do so in the future.

---

[2] A more detailed accounting of the factual history of this case can be found in the Court's Memorandum Opinion and Order of July 13, 2012.

ECF No. 52 at 21. The Court further ordered Plaintiff to initiate arbitration proceedings by August 13, 2012. ECF No. 58

Arbitration in this case began on August 13, 2012. ECF No. 59. Subsequently, the Court received joint reports on the status of arbitration from the parties every 120 days.

On August 2, 2013, Defendants filed a Motion to Maintain Stay Pending Arbitration or, in the Alternative, to Dismiss the Complaint. ECF No. 71. Plaintiffs filed a Reply in Opposition on August 7, 2013 (ECF No. 74). A hearing was held on September 10, 2013, and the Court granted the motion to maintain the stay, denied the motion to dismiss, and denied Plaintiffs' request to lift the stay on September 11, 2013. ECF No. 83. Because of the Court's concern regarding the pace of arbitration progress, the parties were ordered to file a joint status report every sixty days. *Id.*

On October 9, 2015, and over partial dissent, the arbitration Panel issued a 346 page Final Award, awarding Plaintiffs damages. ECF No. 118 (Sealed).

On October 16, 2015, Plaintiffs filed this instant Motion to Confirm Final Arbitration Award along with supporting memoranda and relevant exhibits. ECF Nos. 113, 114, 115, 116, 117, and 118.

On November 10, 2015, Defendants filed a Motion to Vacate the Arbitration Award and a Memorandum in Support of the Motion to Vacate the Arbitration Award and in Opposition to Plaintiffs' Motion to Confirm. ECF Nos. 132 and 133. That same day, Defendants filed a Motion to Stay Proceedings Concerning Plaintiffs' Motion to Confirm. ECF Nos. 134 and 135. In support of their Motion, Defendants filed, both electronically and physically with the Court, 137 appendices and several dozen binders of exhibits. ECF Nos. 136-176. Plaintiffs filed an Opposition to the Motion to Stay on November 27, 2015 and contemporaneously submitted a

Declaration in Opposition. ECF Nos. 183, 184. Defendants filed Replies to both of their Motions on December 3, 2015. ECF Nos. 191, 192.

On December 16, 2015, Defendants filed a Motion for Leave to File Supplement to the Record, a Memorandum in Support of the Motion, and a Declaration. ECF Nos. 200-202. Plaintiffs filed a Response on December 30, 2015. ECF No. 204.

On December 22, 2015, the Court held a hearing on the pending Motions and permitted each party time to argue its position. Upon the completion of the hearing the Court informed the parties that it would return to the briefs to deliberate and rule. Having fully considered the Motions, briefs, and voluminous exhibits and declarations, the Court is now satisfied that this matter is ripe for judicial adjudication.

## II. LEGAL STANDARD

Arbitration agreements are favored in federal courts, as are those awards stemming from such agreements. *Arrowhead Global Solutions, Inc. v. Datapath, Inc*, 166 F. App'x 39, 43 (4th Cir. Feb. 3, 2006) (unpublished per curiam). The powers of a federal court sitting to review an arbitration award are "severely circumscribed." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). Further, "[t]he analysis begins with the presumption that the Court should confirm the arbitration award." *Wichard v. Suggs*, No. 1:15 cv 003, 2015 U.S. Dist. LEXIS 36994, at *16 (E.D. Va. Mar. 24, 2015) (citing *Apex Plumbing*, 142 F.3d at 193). This sensible doctrine serves to further the purpose of arbitration, which is "the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing*, 142 F.3d at 193. In reviewing an arbitration award, the court "sits to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it."

*Wachovia Sec., LLC v. Brand*, 671 F.3d at 478. It is long settled that the function of a court reviewing an arbitration award "is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). That is, this Court has absolutely no jurisdiction to vacate the arbitration award simply because the Court may have reached a different conclusion on these facts. *Long John Silver's Restaurant v. Cole*, 514 F.3d 345, 349 (4th Cir. 2008) (citing *United Paperworkers Inter. Union AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, applies to patent contracts including settlement and licensing agreements. *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362 (Fed. Cir. 2001) (citing 35 U.S.C. § 294 (1994)). The FAA "is a congressional declaration of a liberal policy favoring arbitration." *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1370 (Fed. Cir. 2006) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Pursuant to the Federal Arbitration Act, a district court may vacate an arbitration award if the court finds: (1) fraud in procuring the award; (2) partiality on the part of the arbitrators; (3) gross misconduct by the arbitrators; or (4) failure of the arbitrators to render a mutual, final, and definite decision. *Id.* (citing 9 U.S.C. § 10 (1994)). Statute defines "gross misconduct" as, *inter alia*, "any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3) (1994). Further, in *Wilko v. Swan*, 346 U.S. 427, 436 (1953), the Supreme Court observed that an arbitration award may be vacated if it is in "manifest disregard" of the law.

A party seeking to vacate an arbitration award "shoulders a heavy burden." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006) (quoting *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994)).

A court's power to grant a motion to stay comes not from the Federal Rules of Civil Procedure, but from the court's inherent power "under [its] general equity powers and in the efficient management of their dockets." *PMB Nutritionals, LLC v. Dornoch Ltd.*, 667 F. Supp. 2d 621, 631 (E.D. Va. 2009) (citing *Williford v. Armstrong World Industries, Inc.*, 715 F. 2d 124, 127 (4th Cir. 1983)). *See also Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 489 (E. D. Va. 2005) (noting that although not expressly provided for by the Federal Rules, a district court has inherent discretion to entertain a motion to stay under its general equity powers). In determining whether to grant the stay, the court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.* 299 U.S. 248, 255 (1936)

The party seeking a stay "must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F. 2d at 127. That is, there must be a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255, 57. If the movant fails to demonstrate such a hardship or inequity, "a stay is not merited." *Aventis Pharma*, 403 F. Supp. 2d at 489.

### III. DISCUSSION

This case has returned to this Court once again upon filing of the arbitration tribunal's Final Award. The question before the Court is relatively straightforward: Should the Court confirm the Award, vacate the Award, or stay the case pending further proceedings regarding the subject patents. The Court finds it most appropriate to begin its analysis with the License Agreement that is the subject of the dispute in this case. The Agreement contains a mandatory arbitration clause, which provides for final, binding arbitration in accordance with the Rules of the International Chamber of Commerce. ECF No. 52 at 4. In pertinent part, Article 9 of the Agreement provides:

> Any controversies or disputes in connection with this Agreement which cannot be amicably settled by the parties shall be decided by arbitration in accordance with the Rules of the Conciliation and Arbitration of the International Chamber of Commerce then prevailing. The arbitration shall be held at the place of business of the defendant. *The decision of this Court of Arbitration shall be final and binding on the parties and their legal successors.*

License Agmt. At Art. 12 (emphasis added). Further, pursuant to 35 U.S.C. § 294(c), "[a]n award by an arbitrator shall be final and binding between the parties…"

In 2012, when the Court was considering whether to submit this case to arbitration, the parties agreed that "the questions of whether Defendants violated the License Agreement and whether Plaintiffs validly terminated the agreement should be submitted to arbitration." ECF No. 52 at 14. Further, Defendants, who now move to vacate the Award on myriad grounds, including that the Award is against public policy and that the tribunal exceeded its authority, asserted that "an arbitrator, not this Court, should decide the threshold issue of which claims are arbitrable, and that all claims, including the patent infringement claims should be decided by an arbitrator." *Id.* After deciding that it would determine the threshold question of arbitrability, the Court held that "[a]ll issues, including the alleged breach and termination of the License Agreement and Plaintiffs' four patent infringement claims in its Complaint, shall be submitted to arbitration in accordance with this Order and the License Agreement between the parties." *Id.* at 21. This case entered arbitration on August 12, 2012. The Court will address each of the three pending Motions below.

### A. Motion to Confirm

Plaintiffs move to confirm the arbitration Award pursuant to 9 U.S.C. § 207, the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, commonly known as the New York Convention, and 35 U.S.C. § 294. ECF Nos. 113, 114, 116, and 117. There are four principal reasons Plaintiffs argue in favor of confirming the October 9, 2015 arbitration

7

Award. First, Plaintiffs aver that the Award is final and binding under both federal statute and the License Agreement. Second, Plaintiffs argue that the Court has jurisdiction to confirm the Award because the instant Motion is timely under the New York Convention and 9 U.S.C. § 207 and because this Court retained its jurisdiction over the case post arbitration. Third, Plaintiff submit that absent extraordinary circumstances, an arbitration award must be confirmed pursuant to 9 U.S.C. § 207. Fourth and Finally, Plaintiffs note that the International Chamber of Commerce ("ICC") scrutinized and approved the Award.

Upon review of the record the Court finds that Plaintiffs have filed a timely Motion to confirm the Award. The Motion is timely under statute and this Court expressly retained jurisdiction in its Order sending this case into arbitration. The Court further finds that this is a final and binding award pursuant to the License Agreement and that it has already been scrutinized and approved by the ICC. Unless the Court can find that there exists some extraordinary circumstance under which this Award should be vacated, the Award must be confirmed.

### B. Motion to Vacate

Defendants move to vacate the arbitration Award because, they argue, (1) the Award is contrary to United States public policy; (2) it manifestly disregards applicable law and disregards unambiguous contract provisions; (3) it fails to draw its essence from the applicable agreements; (4) the tribunal exceeded its authority; (5) the Award violates constitutional patent policy against double patenting; and (6) that the subject patents are invalid and that a pending Patent and Trademark Office ("PTO") reexamination will confirm as much.

The Court is mindful of its duty at this stage in the proceeding to determine whether it is prudent that the Award be confirmed. The Court also understands that its powers to review an arbitration award are severely circumscribed. A motion to vacate an arbitration award is not an

appropriate avenue to relitigate the entire case. The purpose of binding arbitration is to avoid litigation and advance judicial economy. This is not to say that the Court could in no circumstance vacate an arbitration award. However, it is important to caution that arbitration in this case was initiated largely as a result of Defendants urging and the parties' License Agreement. In essence, by submitting this case to arbitration, the parties agreed to have the underlying factual and legal issues heard and decided by the arbitration panel instead of by this Court.

There is no dispute between the parties that this arbitration falls under the auspices of the New York Convention. Both parties discuss the Convention and its requirements at length in their briefs. The Convention enumerates seven strictly limited grounds for vacating an arbitration award:

    (a)    The parties to the agreement...were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made;

    (b)    The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case;

    (c)    The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

    (d)    The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

    (e)    The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the laws of which, that award was made; or

 (f) The subject matter of the conflict is not capable of settlement by arbitration in the country in which enforcement is sought; or

 (g) Recognition and enforcement of the award would violate the public policy of that country.

New York Convention, Art. V(1)(a)-(e) and V(2)(a)-(b). *See also Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441-42 (11th Cir. 1998) ("In short, the [New York] Convention's enumeration of defenses is exclusive."); *M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 848 (6th Cir. 1996) (noting that the seven grounds specified in the Convention are exclusive).

 After reviewing the voluminous submissions of the parties and the extensive record in this case (including the transcript of oral argument on the instant Motions), the Court finds absolutely zero basis to vacate the Award on defenses (a) through (f) cited above. The record in no way supports that Defendants suffered from incapacity, lack of notice, a partial tribunal (indeed one of the arbiters was proposed by Defendants), face a non-binding award, that the subject matter is not subject to arbitration or that the panel's Award falls outside the scope of what was contemplated in the arbitration. There simply is not evidence to sustain the Defendants' very heavy burden to vacate the award on any of those grounds.

 Thus, the real issue for the Court is whether the Award violates public policy. The Court first notes the "emphatic federal policy in favor of arbitral dispute resolution...that applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Specifically, Defendants argue that the Award "violates constitutional patent policy against double patenting," the public policy against manifest disregard of the law, and disregards unambiguous contract provisions.

Citing Article I § 8 of the United States Constitution, Defendants argue that the Tribunal should have invalidated the asserted patents on double patenting grounds. ECF No. 133 at 14. It is true that "[t]he prohibition against double patenting is a longstanding doctrine...based on the core principle that, in exchange for a patent, an inventor must fully disclose his invention and promise to permit free use of it at the end of his patent term." *Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1212 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 1530 (2015). However, the issue of double patenting was placed squarely before the panel and it was rejected. *See Award*, ECF No. 118-3 at ¶ 600 ("the Tribunal is of the opinion that the Strauch patent and the reissue patent should not be considered as commonly owned on the basis that each of the two patents is held by a wholly owned subsidiary of Bayer AG. This lack of common ownership precludes a finding of double patenting."). In reviewing the Tribunal's Award, the Court finds that this conclusion is the result of analysis of at least 50 cases and exhibits, and the 29 paragraphs pertaining to double patenting include a thorough discussion of the dissenting Tribunal member's reasoning. For the Court to now delve into whether the majority was wrong to reject the double patenting argument would be to reopen the record and analyze the case on the merits. The Court cannot and will not do so. The Court finds no manifest disregard of the law nor does it see gross misconduct. The Award will not be vacated on Defendants' double-patenting argument.

Defendants next argue that the Tribunal manifestly disregarded the law in finding that claim 1 of the reissue patent "encompasses the *pat* protein and, by extension...encompasses the pat *gene*." ECF No. 118-3 at ¶ 375. This finding, Defendants argue, necessarily renders claim 1 of the reissue patent invalid on multiple grounds.

To prevail on an argument that the Tribunal manifestly disregarded the law, a party must prove (1) the existence of an applicable legal principle that is clearly defined and not subject to

reasonable debate; and (2) the arbitrators refused to heed that legal principle. *Long John Silver's*, 514 F.3d at 349. *See also Remmey*, 32 F.3d 149-50 (the burden is on the party seeking vacatur to "show that the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision."). The question is not whether this Court would apply the facts to the law differently, as even committing serious error does not suffice to overturn the decision. *Long John Silver's* 514 F.3d at 349.

The arguments Defendants raise regarding a manifest disregard of the law are unavailing. Once more, Defendants raise issues that were expressly presented to the Tribunal, and thoroughly analyzed in the Award. The Court has scrutinized Defendants' filings and has not found a case or legal principle that is clearly defined and not subject to reasonable debate that the arbitrators acknowledged and refused to heed. Absent such a finding, this Court is without jurisdiction to disturb the award on these grounds. Substantive defenses and arguments that were raised before and thoroughly analyzed by the Tribunal cannot simply be couched as public policy issues for the purpose of sidestepping the valid, final, binding award. The Court concludes that the Tribunal did not manifestly disregard the law.

The Court similarly finds the remainder of Defendants' arguments cannot prevail. The Court finds no meritorious reason to vacate the Award of contract damages that were clearly contemplated when this case was submitted to arbitration. Similarly, the Court does not find that the Tribunal disregarded unambiguous contract provisions or failed to draw the essence from the applicable agreements. Instead, the Court finds that the Tribunal thoroughly analyzed the record before it and reached a conclusion based on its interpretation of the relevant License Agreement and did not rewrite or alter the contract provisions. The Court does not find that the Tribunal

misapplied any contract provisions. However, even a misapplication of facts or law is not sufficient to support vacatur. The Court today does not conduct a *de novo* review of the merits.

Ultimately, the most pressing public policy concern at this point in this matter is the public policy in favor of the arbitration process. The policy supporting fair, competent, and judicially respected arbitration proceedings is about as strong and compelling a public policy that our federal courts embrace. Where a party requests, is granted, and actively participates in a multi-year arbitration, the party forfeits its right to relitigate the issues that were before the arbitration panel in the district court. Indeed, if the parties were concerned that an arbitration panel might not decide the complex and important issues that comprise this case in a manner palatable and satisfactory to them, the parties should not have agreed to a binding arbitration. Nothing in the panel's Award and nothing in the record before the Court provides provides a legally sufficient basis to conclude that this Award violates any constitutionally, statutorily, or judicially recognized public policy.

Further, the Court finds no defect in the arbitration process such that it has jurisdiction to reopen the record and reexamine the substantive issues raised before the panel. The Court finds that the arbitration was valid, and that the panel's Award is final and binding. To vacate the award on this record would be fundamentally inapposite to our nation's public policy. There may very well be a case where an arbitration panel commits gross misconduct or demonstrates manifest disregard of the law in a manner that seriously violates or undermines our public policy. This is not that case. Mindful of its role at this stage in the proceedings, the Court will not permit Defendants to use this Motion to Vacate as an opportunity for a second bite at the apple. The Motion to Confirm is **GRANTED**, the Award is therefore **CONFIRMED**, and the Motion to Vacate is **DENIED**.

...
## C. Motion to Stay

Defendants move in the alternative for a stay of proceedings on Plaintiffs' Motion to Confirm the Arbitration Award until the United States Patent and Trademark Office ("PTO") issues final office actions in a pending reexamination proceeding of all of the patents at issue in this proceeding. Defendants argue that a stay is warranted to permit the PTO to finish its examination of the patents and issue a final determination. This Award, they argue, is based entirely upon patents that the PTO may very well deem invalid. Finally, Defendants suggest that Plaintiffs would suffer no harm if the Court issues a stay.

Plaintiffs respond that the Award is already final and binding regardless of the current PTO proceeding, that the issue of staying resolution of this dispute was litigated and decided in arbitration, and that the entire Award is not based on the subject patents.

It is "well-settled law that a district court may exercise its discretion when ruling on a motion to stay proceedings pending reexamination of the patents-in-suit by the PTO." *NTP, Inc., v. Research in Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005). In determining whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance." *Hawley v. Johnson & Johnson*, 2011 WL 7946243 at *1 (E.D. Va. Apr. 29, 2011) (*citing Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). When considering a motion to stay pending PTO reexamination, a court examines "(1) whether discovery is complete and a trial date is scheduled; (2) whether a stay would simplify the matters at issue; and (3) whether a stay would unduly prejudice or clearly disadvantage the non-moving party." *ePlus, Inc. v. Lawson Software*, 2012 WL 1279092, at *2 (E.D. Va. Mar. 31, 2010).

The Court heard lengthy argument on this issue at the hearing on this Motion, and will deny the Motion for a Stay for many of the stated public policy reasons it denied the Motion to

Vacate. The Court "is not required to stay judicial resolution in view of [PTO] reexaminations." *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). *See also Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed Cir. 1985) (holding that a stay for purposes of reexamination is within the district court's discretion). After all, giving courts such judicial discretion "is in harmony with the Congressional purpose." *Patlex Corp.*, 758 F.2d at 603. The Court also notes that this very issue was placed before and decided by the Arbitration Panel. In an eight-page procedural order denying the Motion for a Stay, the Panel ruled, "[t]he parties have clearly agreed to submit to arbitration all infringement, validity and enforceability issues arising from their dispute over the patents-at-issue." Panel Procedural Order, ECF No. 184-1, Exh. A. at 2. As with the substantive issues decided by the Panel, the Court finds no meritorious reason to disturb this procedural order.

Further, the very situation before this Court is one contemplated by 35 U.S.C. § 294. During the process of a final and binding arbitration, one party sought reexamination of the subject patents. Now, after issuance of a final and binding arbitration Award, that same party seeks to stay proceedings in light of a pending PTO reexamination. However, Section (c) of § 294 expressly contemplates this very scenario. The parties to an arbitration "may agree that in the event a patent which is the subject matter of an award is subsequently determined to be invalid or unenforceable in a judgment rendered by a court of competent jurisdiction from which no appeal can or has been taken, such award may be modified..." 35 U.S.C. § 294. No such agreement exists in this case. Further, that the statute says the parties "may" agree indicates that Congress contemplated this exact scenario and determined that subsequent reexamination and determination by the PTO is not necessarily fatal to a final and binding arbitration.

Having considered the required factors the Court has determined that a stay is not warranted. Plaintiffs would suffer serious potential harm in that prolonging this litigation may make satisfying the judgment more difficult. Further, this issue is before the Court at the very end of a protracted binding arbitration process wherein Defendants had ample time to raise this issue (long before it was raised in 2014). *Cf. Juxtacomm-Texas Software, LLC v. Lanier Parking Systems of Virginia,* Inc., 2011 WL 3322554 (E.D. Va. Aug. 2, 2011) (granting a stay because the of "advanced stage of reexamination juxtaposed with the early stage of litigation"). Considering and balancing those factors in support and against a stay, the Court finds that while a stay would certainly provide a strategic advantage to Defendants, it is not warranted on this record. Therefore, Defendants' Motion for a Stay is **DENIED**.

## IV. CONCLUSION

After a three-year binding arbitration, a competent arbitration panel issued a final Award. Nothing about the arbitration process or the result compels this Court to disturb that panel's work. For the reasons stated above, Plaintiffs' Motion to Confirm the Award (ECF Nos. 113 and 116) is **GRANTED**, Defendants' Motion to Vacate the Award (ECF No. 132) is **DENIED**, and Defendants' Motion to Stay (ECF No. 134) is **DENIED**. A separate Order confirming the Award shall issue today. Each Motion to Seal (ECF Nos. 110, 129, 185, and 194) is **GRANTED**. The Motion for Leave to File Supplement to the Record (ECF No. 200) is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 15, 2016

/s/
Raymond A. Jackson
United States District Judge